KIEKE et al. v. HARMEL et al.    (No. 11754.)

Court of Civil Appeals of Texas. Fort Worth.
April 9, 1927.

Rehearing Denied May 21, 1927.

1. Descent and distribution ☞35—At common law, children of half blood could not inherit from brother or sister of whole blood.

Under common law, children of half blood were not entitled to receive interest in property of brother and sister of whole blood.

2. Descent and distribution ☞35—Children of half blood inherit from brother of whole blood, under statute, and not through common father as intermediary (Rev. St. 1925, arts. 2570, 2573).

Children of half blood inherit portion of estate of deceased brother of whole blood, under Rev. St. 1925, arts. 2570, 2573, and not through common father as intermediary, so that they were entitled to inherit, regardless of whether father was dead.

3. Descent and distribution ☞35—Children of full blood and of half blood take distributive share of estate of deceased brother of whole blood, under statute, as tenants in common (Rev. St. 1925, art. 2573).

Children of full blood and of half blood take their portion of estate of deceased brother of whole blood as tenants in common, each being entitled to his distributive share, as provided in Rev. St. 1925, art. 2573, notwithstanding that children of half blood, being superior in number, would thereby receive greater part.

Appeal from District Court, Archer County; H. R. Wilson, Judge.

H. F. Harmel, administrator of the estate of Carl H. Kieke, deceased, filed an application and petition to partition and distribute the estate. An order that the estate be divided in certain proportions was made in the county court, and on appeal in the district court, and Laura Kieke and another appeal. Affirmed.

E. T. Simmang, of Giddings, for appellants.
B. F. Teague, of Brenham, and W. E. Forgy, of Archer City, for appellees.

CONNER, C. J. This is an appeal from an order in probate, originating in the county court of Archer county, and appealed to the district court of Archer county, where the judgment was adverse to appellants' contentions.

Carl H. Kieke, an unmarried man, died in Archer county, Tex., on March 1, 1925. At the time of his death there survived him the following relatives, to wit: Otto F. Kieke, his father, Laura Kieke and Annie P. Schneider, his full sisters; Mata Kieke, his stepmother, the second wife of Otto F. Kieke, and the following eight children, being the children of Mata Kieke and Otto F. Kieke and being Alvin, Tillie, Valentine, Lillian, Elder, Esther, Fred, and Viola Kieke.

Deceased left an estate consisting of $1,-537.64 cash and 139.8 acres of land in Archer county, Tex. H. F. Harmel was appointed administrator, and, after settling the debts, filed his application and petition to partition and distribute the estate. All parties appearing before the county court, it was ordered that the estate be divided, giving Otto F. Kieke, the father, one-half of the estate, Laura Kieke and Annie F. Schneider, each one-twelfth of the estate, and the eight children of Otto Kieke and Mata Kieke, his second wife, each one twenty-fourth of the estate. Upon appeal to the district court, the court, without a jury, made and entered the same decree of partition as in the county court. From this judgment, Laura Kieke and Annie P. Schneider have appealed and bring the matter before this court for revision.

The case was tried and determined upon an agreed statement of facts, which are substantially set forth in the foregoing statement of the nature and result of the suit.

Articles 2570 and 2573, Rev. Statutes of 1925, in so far as necessary for consideration in the present case, read as follows:

2570: "Where any person, having title to any estate or inheritance, real, personal or mixed, shall die intestate, it shall descend and pass in parcenary to his kindred, male and female, in the following course:

"1. To his children and their descendants.

"2. If there be no children nor their descendants, then to his father and mother, in equal portions. But if only the father or mother survive the intestate, then his estate shall be divided into two equal portions, one of which shall pass to such survivor, and the other half shall pass to the brothers and sisters of the deceased, and to their descendants: but if there be none such, then the whole estate shall be inherited by the surviving father or mother. * * *"

2573: "In cases before mentioned, where the inheritance is directed to pass to the collateral kindred of the intestate, if part of such collateral be of the whole blood, and the other part of the half blood only of the intestate, those of half blood shall inherit only half so much as those of the whole blood; but if all be of the half blood they shall have whole portions."

[1, 2] We overrule appellants' first contention, to the effect that the children of the half blood were entitled to inherit from their deceased half-brother only in the event of the death of the common father. The children of the half blood were not entitled to property owned by their father, Otto F. Kieke, for he was living. Under the common law (14 Cyc. p. 35, par. F.), children of half blood were not entitled to recover an interest in the property of a brother or sister of the whole blood. The right of the children of the half blood to an inheritable portion of their deceased brother's estate is derived alone from the statutes we have quoted. And it seems plain to us that the children of the half blood in this case inherit, by virtue of the

statutes we have quoted, directly from their deceased half-brother, and not through their father as an intermediary.

[3] We also overrule the further contention of appellants to the effect that after the allotment of one half of the estate of the deceased to the surviving father, the other half should be divided between the children, allotting to the children of the full blood, as a class, two parts, and to the children of the half blood, as a class, one part. It is insisted that by giving, as the court did, to the sisters of the whole blood, Laura Kieke and Annie P. Schneider, each one-twelfth and to the eight children of the half blood each one twenty-fourth, the children of the half blood received a greater proportion of the estate of the deceased, Carl H. Kieke, than said children of the whole blood, contrary to the provisions of article 2573 above quoted. ·

Article 2570 declares that the property of the person who shall die intestate shall descend and pass in "parcenary to his kindred, male and female." No distinction in the degrees of relationship of the "kindred" is here made, and article 2573 expressly designates children of the half blood as inheritable kindred, and no distinction in this article is made in the right of inheritance, the distinction being as to the relative shares between the whole blood and the half blood children. The children, as it seems to us, both of full blood and of half blood, take, under the statute, as tenants in common, each being entitled to receive his or her distributive shares, as provided in article 2573.

No other material question is presented, and we conclude that all assignments of error should be overruled and the judgment affirmed.